ROBERT SMITH PRINTING CO. *v.* BOARD OF STATE AUDITORS.

CONTRACTS — STATE BINDING — CONSTRUCTION — PERFORMANCE — TIME.

> Under a contract to do the binding, etc., that may be "ordered" by the several departments of the State government for the term of two years, the contractor is obliged to do, at the contract price, all the work *ordered* during the contract period, though the work is not performed, nor the material delivered, until after expiration of the contract period.

Mandamus by the Robert Smith Printing Company to compel the board of State auditors to allow certain bills. Submitted May 18, 1907. (Calendar No. 21,959.) Writ denied June 3, 1907.

*Edward Cahill*, for relator.

*John E. Bird*, Attorney General, and *Thomas Ambrose Lawler*, Assistant Attorney General, for respondent.

PER CURIAM. For two years ending July 30, 1906, the relator was awarded the binding contract by the board of State auditors. By that contract relator agreed—

"To do and perform for the State of Michigan the binding, stitching, trimming, etc., and the work incident thereof, which under the law comes within the binding contract, that may be *ordered* according to law by the legislative, judicial and executive departments for the term of two years," etc.

Among the specifications, which are a part of the contract, is one "for binding of laws, journals, reports and documents, in paper, in cloth and in leather, to include *folding*, stitching," etc.

Relator was the successful bidder for the State binding for the term of two years, commencing July 1, 1906. Before that time the board of State auditors had given the relator three orders. The respondent treated the orders as given, and the work done under the former contract. The relator claims compensation under the new contract, which would entitle it to receive something over $500 more than would be allowed under the old contract. Relator contends that the former contract was completed on the last day of its life, to wit, June 30, 1906, and that whatever work was done afterwards, although the orders were given before, was done under the new contract. We think this contention cannot be maintained. Work had been commenced on some of the orders. Much of the material was delivered after June 30th; but it was not delivered upon any order that originated under the new contract, but under the old. If the relator had not obtained the new contract and the orders had been received before the termination of its old contract, it would clearly have been entitled to complete the order. The language of the contract is clear that relator agreed to bind all the work ordered by the proper authority during the life of the contract, and that the respondent agreed to pay under the same contract. It is therefore unnecessary to discuss the question of the prevailing usage or custom which respondent claims constituted a part of the contract.

The writ is denied, without costs.